DONOHUE and DANIELS, JJ., concurred.

*Judgment for plaintiff on the verdict.*

---

DANIELS *et al.*, relators, v. CUSHMAN.

*Lease — what is not — Summary proceedings.*

The agents of a canal boat line already in occupancy of a pier, assigned to them by the harbor master, agreed to pay the lessee of such pier a specified sum per month for the right to use on the pier a derrick, a movable office and a scale for the purpose of unloading their boats. *Held*, that such agreement did not operate as a lease, and such agents could not be dispossessed from the use of the conveniences in question by summary proceedings.

CERTIORARI to review proceedings before the first district court of the city of New York, in which a warrant for the removal of the relators James C. Daniels and Abraham L. Sweet, from certain premises, and the putting of the respondent Frederick Cushman in possession of the same was granted, under the Landlord and Tenant act. The facts appear sufficiently in the opinion.

*D. McMahon,* for relators.

DAVIS, P. J. The relators are agents of a line of canal boats known as "The Seneca Falls Line." The harbor master in charge of "Pier 4, East river," had assigned to the boats of said line a portion of said pier as their berth, at which such boats were accus-

tomed to load and unload. The respondent was the lessee of the pier, and claimed by his affidavit, duly presented to the justice of the district court for the first judicial district, that the relators were holding over, after the expiration of a lease from him to them, of " a portion of the wharf or pier known as Pier No. 4, East river, in the city of New York, for the purpose of erecting and maintaining thereon a derrick, a building or office and a scale, which portion of said wharf or pier is particularly described as follows: Beginning at a point on the westerly side of said pier, distant about one hundred and thirty-three feet six inches from the bulk-head line; and running thence easterly and parallel with said bulk-head line, ten feet; thence northerly, at right angles to said bulk-head line, twenty-eight feet; thence westerly, and parallel with said bulk-head line, ten feet; and thence southerly, and at right angles to said bulk-head line, twenty-eight feet, to the place of beginning."

The respondent alleged that on or about the 12th of April, 1871, he leased the above-described premises to the relators for the term of one year, commencing on the 12th day of April, 1871, and ending on the 12th day of April, 1872, unless said term should be sooner terminated by notice. The proofs given in the case tended to show that the relators, as agents of the line above-named, had used the pier at the berth assigned to their boats for receiving and discharging cargoes from their boats for many years. That a derrick for unloading the boats, consisting of a pole inserted in the pier and a swinging arm with appropriate tackle, had been maintained and used for some twenty-five years, and, that in 1871 and 1872, the relators used also a platform scale, on wheels, for weighing freight when necessary, and a small covered structure on wheels, four or five feet square, with a desk in it, at which a man could stand in rainy weather to take tallies of the cargoes loaded or discharged. The respondent gave evidence tending to show that for the privilege of using these things on the pier, the relators, in 1871, agreed to pay, and did pay, the sum of $50 per month, which payments were made up to the time when the canal boats ceased to use the pier in the fall of 1871. In 1872 the relators refused to pay, and hence the proceedings were instituted against them as tenants holding over after the expiration of their lease.

The material allegation of the complaint is the leasing of a certain described portion of the pier of which metes and bounds are given, and the unlawful holding over of that portion after the expi-

ration of the lease, and the justice has found in accordance with the allegation, and given judgment that the relators be dispossessed of the premises so described. There was no proof of any lease of the particular premises described in the complaint. The variance in that respect was fatal. The derrick and scales and office (if it may be so called) were probably used within the metes and bounds set out in the complaint, but there was a total failure to prove any lease of the pier within those metes and bounds. The utmost that can justly be said of the proof is, that it showed that in 1871, relators had agreed to pay $50 a month for the right or privilege of using those particular conveniences on that part of the pier where the berth assigned to their boats required them to be used. That agreement did not operate as a lease of the premises described by metes and bounds in the complaint. Those premises the relators had a clear lawful right to use as a part of the wharf or pier for the purpose of loading and unloading their boats, they paying the lawful wharfage therefor to the respondent or to the party entitled thereto. It appears the wharfage was paid. The relators could not, therefore, be dispossessed of the portion of the wharf described under the Landlord and Tenant act, because they used utensils and implements on such part different from those which they had a right to use as proprietors or agents of the boats lawfully occupying the berth. If the use of a derrick and the scales and office were unlawful or without right, the relators might perhaps have been treated as trespassers by the owner or lessee of the pier, but, as it seems to us, clearly not as tenants to be removed under the Landlord and Tenant act. Considering the agreement of 1871, as at most under the evidence it was, as permitting for a stipulated price per month the use on a portion of a public wharf of the above-described conveniences for loading and unloading, and that the relators' sole right to use them depended upon the agreement, there certainly would not spring up the relation of landlord and tenant entitling the former to remove the latter, on the expiration of the agreement, from the premises on which the conveniences had been used. There must be a letting of the realty itself to constitute such relation, and not a mere contract with a party who has a right to use and occupy for a lawful purpose, such as loading and unloading vessels at the piers of the city, giving a privilege to use on the pier utensils and machinery belonging to himself.

Indeed, the proceeding in this case was not aimed, in fact, to

remove the relators from the premises described, but to take off the tools or conveniences used by them, still leaving them in occupancy as far as necessary for loading and unloading their boats in some other manner. The judgment, however, goes so far as to dispossess them wholly of the portion of the pier described. We are of opinion, that the statute giving summary remedies to landlords against tenants holding over without permission has no application to the case.

For that reason and on the ground of fatal variance between the complaint and the proofs, the proceedings must be reversed.

DONOHUE and DANIELS, JJ., concurred.

*Proceedings and judgment reversed.*